IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                   No. 4:23-cr-54-DPM

KEITH MURRAY                                                DEFENDANT

ORDER

Murray's cocaine convictions are not serious drug offenses. *United States v. Ferguson*, 163 F.4th 541, 546 (8th Cir. 2026). The deep issue for his sentencing is whether his marijuana convictions under Arkansas Code Annotated § 5-64-401(a)(4) (repealed 27 July 2011) trigger the armed career criminal enhancement. The Court appreciates the parties' good briefs.

Both the government and Murray compare the federal definition of marijuana to the definition provided in Arkansas Code Annotated § 5-64-101. *Doc. 43 at 17-18 & Doc. 44 at 11-12.* This comparison may miss the mark. Arkansas Code Annotated § 5-64-401(a)(4) made it a crime to manufacture, deliver, or possess with intent to manufacture or deliver "A controlled substance classified in Schedule VI . . .." Controlled substance was defined as "a drug, substance, or immediate precursor in Schedules I through VI." Ark. Code Ann. § 5-64-101(d) (1995). The relevant definition for marijuana, therefore, would appear

to be the one found in the drug schedule promulgated by the Arkansas Department of Health. *Compare Ferguson*, 163 F.4th at 544-45. The Arkansas Department of Health's definition is different than the statute. It includes:

> Any material, compound, mixture, or preparation, whether produced directly or indirectly from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, which contains any quantity of the following substances, or which contains any of their salts, isomers, and salts of isomers whenever the existence of such salts, isomers, and salts of isomers is possible within the specific chemical designation.

Ark. Admin. Code 007.07.95--003, Sched. VI (30 October 1995) (found at 007.07.95-003F-39.pdf); *see also* Ark. Admin. Code 007.07.96--001, Sched. VI (25 February 1996) (found at 007.07.96-001F-40.pdf); Ark. Admin. Code 007.07.99--001, Sched. VI (2 September 1999) (found at 007.07.99-001E-1075.pdf). The statute provides this definition.

> "Marijuana" means all parts and any variety and/or species of the plant Cannabis that contains THC (Tetrahydrocannabinol) whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds, or resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted

-2-

therefrom), fiber, oil, or cake, or the sterilized seed of the plant that is incapable of germination.

Ark. Code Ann. § 5-64-101(n) (1995).

Which definition of marijuana is the proper one to compare to federal law?  If it is the definition from the drug schedule, is it broader than the federal definition?  The Court notes that the drug schedule definition includes "salts, isomers, and salts of isomers *whenever the existence of such salts, isomers, and salts of isomers is possible within the specific chemical designation.*"  Are there isomers of marijuana? If so, does federal law criminalize them?  The Court needs to hear the parties' thoughts on these questions.

Next week's hearing is canceled.  It will be reset for 9:00 a.m. on 13 May 2026 in Little Rock Courtroom AC436.  Supplemental briefs due by March 13th.  Response briefs due by March 27th.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

_12 February 2026_

- 3 -